# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## MAY 1999 SESSION

FILED

May 20, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **RONALD LATURE McCRAY,** | ) | |
| | ) | **C.C.A. NO. 02C01-9809-CC-00292** |
| Appellant, | ) | |
| | ) | **FAYETTE COUNTY** |
| VS. | ) | |
| | ) | **HON. JON KERRY BLACKWOOD,** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

FOR THE APPELLANT:                    FOR THE APPELLEE:

**RONALD LATURE McCRAY,**           **PAUL G. SUMMERS**
**Pro Se, #224643**                 Attorney General & Reporter
P. O. Box 1000
Henning, TN 38041-1000              **R. STEPHEN JOBE**
                                    Asst. Attorney General
                                    Second Fl. Cordell Hull Bldg.
                                    425 Fifth Ave., North
                                    Nashville, TN  37243-0493

                                    **ELIZABETH T. RICE**
                                    District Attorney General
                                    302 Market St.
                                    Somerville, TN 38068

OPINION FILED:_____

**AFFIRMED - RULE 20**

**JOHN H. PEAY,**
Judge

# O P I N I O N

The petitioner originally pled guilty to second-degree murder and received an agreed sentence of sixty years as a Range I standard offender. He subsequently filed a petition for post-conviction relief, alleging that his sentence was illegal, and this Court held that his sentence was indeed an illegal sentence. His conviction and sentence were set aside and the matter was remanded to the trial court where the petitioner again received an agreed sentence of forty years as a Range III persistent offender. He again filed a petition for post-conviction relief on August 7, 1998, alleging now that his present sentence is illegal. The trial court dismissed the petition by preliminary order, finding that the facts alleged by the defendant do not constitute an illegal sentence. The trial court further found that the petition was filed outside the one year statute of limitations.

We find no error in the action of the trial court in preliminarily dismissing the petition. The sentence imposed by the trial court is not illegal as alleged by the petitioner and his latest petition was obviously filed more than one year after the effective date of our present Post-Conviction Procedure Act. See T.C.A. § 40-30-202. Accordingly, the judgment below is affirmed in accordance with Rule 20 of the Court of Criminal Appeals of Tennessee.

_____
JOHN H. PEAY, Judge

CONCUR:


_____
JOE G. RILEY, Judge


_____
THOMAS T. WOODALL, Judge